```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                         WESTERN DIVISION

 4

 5   MULTIMEDIA PATENT TRUST,       )
                                    )
 6                     Plaintiff,   )   No. CV 11-8869 R
                                    )
 7          vs.                     )
                                    )
 8   THE WALT DISNEY CO., et al.,   )
                                    )
 9                     Defendants.  )

10

11

12                  TRANSCRIPT OF PROCEEDINGS

13   THE HONORABLE MANUEL L. REAL, U.S. DISTRICT JUDGE PRESIDING

14                    LOS ANGELES, CALIFORNIA

15                       DECEMBER 5, 2011

16

17                        MOTION HEARING

18

19

20

21

22

23       BRIDGET R. MONTERO, CSR 10020, RMR, CRR
                   United States Courthouse
24         312 North Spring Street, Room 435
             Los Angeles, California 90012
25                www.bridgetmontero.com
                Internal File No. 11093
```

```
 1   APPEARANCES OF COUNSEL:

 2

 3   For the Plaintiff:

 4

 5   Walker, Pendergrass & Tietsworth LLP
     BY:  KYLE M. PENDERGRASS
 6   402 West Broadway, Suite 400
     San Diego, CA 92101
 7

 8

 9   For the Defendant:

10

11   Jones Day
     BY:  STEVEN J. CORR
12   555 South Flower Street, 50th Floor
     Los Angeles, CA 90071
13

14

15   For the Intervenor:

16

17   BY:  RYAN B. McCRUM
     300 South Grand Avenue
18   Los Angeles, CA 90071

19

20

21

22

23

24

25
```

```
1            MONDAY, DECEMBER 5, 2011; 10:30 A.M.
2                         - - - - -
3
4            THE CLERK:  Item No. 7, CV 11-8869, Multimedia
5    Patent Trust v. The Walt Disney Co., et al.
6            Counsel, your appearances, please.
7            MR. CORR:  Good morning, Your Honor.  Steve Corr
8    on behalf of Avid and Pinnacle.
9            MR. McCRUM:  And Ryan McCrum on behalf of Avid and
10   Pinnacle, as well.
11           MR. PENDERGRASS:  Kyle Pendergrass on behalf of
12   Multimedia Patent Trust.
13           THE COURT:  Counsel have anything to add to the
14   documents which have been filed?
15           MR. PENDERGRASS:  No, Your Honor.
16           MR. CORR:  No, Your Honor.
17           THE COURT:  The Federal Rules of Civil Procedure
18   permit nonparties to be served with a subpoena to produce
19   documents.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Rule 26(b)
20   states that, quote, parties may obtain discovery regarding
21   any nonprivileged matter that is relevant to any party's
22   claim or defense.  Fed. R. Civ. P. 26(b).
23           The term relevant is broadly construed, only
24   requiring the discovery is, quote, reasonably calculated to
25   lead to the discovery of admissible evidence.  If a party
```

1  fails to produce documents or answer an interrogatory, the
2  discovering party may move for a court order compelling
3  production.  Fed. R. Civ. P. 36(a)(3)(B).
4      In the present case, plaintiff is seeking
5  discovery pursuant to the prosecution of a patent
6  infringement suit against the defendants in the underlying
7  action.  Plaintiff asserts that encoder and decoder
8  equipment utilized by the defendants infringes the MPT
9  patents, and the products-at-issue were identified by the
10 defendants as the sources for the video encoding and
11 decoding functionality utilized by the defendants, elements
12 of which were allegedly provided by the third party here.
13     While parties are entitled to seek relevant
14 discovery from third parties, the Court is not required to
15 permit discovery that is, quote, unnecessarily burdensome
16 and overly broad, closed quote.  *Nugget Hydroelectric*
17 *L.P. v. Pacific Gas and Electric Co.*, 981 F.2d 429 (9th Cir.
18 1992).  Courts are more sensitive to the burdens of
19 discovery placed on third parties and will not permit
20 parties to conduct what amounts to a, quote, fishing
21 expedition.  *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308
22 (S.D.N.Y. 2009).
23     Although some of the information sought may be
24 relevant to plaintiff's underlying case, the discovery
25 attempted here is unreasonably overbroad.  Plaintiff has

1  failed to identify any particular device accused of
2  infringement, and therefore, whether any infringing product
3  actually incorporates third party's products.  Plaintiff's
4  subpoenas are over-expansive and contain no temporal or
5  functional limitations that attempt to narrow their scope to
6  the infringing products at issue.  In fact, the nexus of
7  plaintiff's attempts to seek discovery against third party
8  was merely their inclusion of a list provided by defendant
9  of technology products used which included, among other
10 things, a microwave oven.
11         Furthermore, defendant has tacitly conceded, in
12 multiple court filings in the underlying case, that it lacks
13 sufficient knowledge at this time to issue properly narrow
14 subpoenas.  Plaintiff has filed motions to compel defendant
15 to answer their interrogatories, as well as a motion for
16 leave to conduct depositions.  As these motions are still
17 pending, the Court finds that the motion to compel before
18 this Court is premature.  After the discovery issues in the
19 underlying case have been resolved, plaintiffs will most
20 likely be better able to more specifically assess what they
21 need, and be able to more narrowly tailor their discovery
22 requests.
23         The motion to compel production is denied without
24 prejudice.
25         Counsel to prepare the order.

```
 1              MR. CORR:  Thank you, Your Honor.
 2              MR. PENDERGRASS:  Thank you.
 3              (Proceedings concluded at 10:34 a.m.)
 4                   C E R T I F I C A T E
 5
 6         I hereby certify that the foregoing is a true and
 7   correct transcript from the stenographic record of the
 8   proceedings in the foregoing matter.
 9
10   /s/Bridget R. Montero
     Bridget R. Montero                Date:  December 15, 2011
11   Official Court Reporter
     CSR No. 10020
12
```